UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:22-cv-23091-KMM

MT. HAWLEY INSURANCE COMPANY,

    Plaintiff,

v.

H&M BUILDERS, LLC, *et al*,

    Defendants.

                                                     /

## ORDER

THIS CAUSE came before the Court upon Defendant H&M Builders, LLC's ("H&M" or "Defendant") Amended and Supplemental Verified Motion for Attorney's Fees and Costs (ECF No. 104). The Court referred the Motion to the Honorable Lauren F. Louis, United States Magistrate Judge, to take all necessary and proper action as required by law and/or to issue a Report and Recommendation. (ECF No. 106). On January 31, 2025, Magistrate Judge Louis issued a Report and Recommendation, ("R&R") (ECF No. 126), recommending that the Motion be DENIED WITHOUT PREJUDICE. *See generally* R&R. H&M filed Objections to the R&R. ("Objs.") (ECF No. 128). The Court also considers H&M's Motion to Lift the Stay and Dismiss Plaintiff Mt. Hawley Insurance Company's ("Plaintiff" or "Mt. Hawley") Duty to Indemnify Claims as Moot. ("Motion to Lift the Stay" or "Mot.") (ECF No. 127). The matter is now ripe for review.

**I.     BACKGROUND**

This action stems from Defendant Gloria Escalante's wrongful death lawsuit against Defendant H&M, which was filed in state court in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida against Defendant ("the Underlying Action"). *See* (ECF No. 12). Plaintiff Mt. Hawley initiated the present suit, seeking a judicial determination that

it has neither a duty to defend nor a duty to indemnify H&M in connection with the Underlying Action. *See generally id.*

On February 1, 2023, H&M filed a Renewed Motion to Dismiss, or, in the Alternative, Stay Mt. Hawley's Declaratory Judgment Action. (ECF No. 30). Therein, Defendant requested that the Court dismiss or stay Plaintiff's request for declaratory relief as to the duty to indemnify H&M in the Underlying Action. *See generally id.* The Court carefully considered the Parties' briefings and granted the motion in part and denied the motion in part. *See* (ECF No. 40). In doing so, the Court instructed the Parties that it "will only address issues pertaining to [Plaintiff's] duty to defend" and stayed all issues and discovery relating to Plaintiff's potential duty to indemnify pending full adjudication of the Underlying Action. *See id.* at 6.

Each party filed dispositive motions seeking summary judgment on whether Plaintiff owed Defendant the duty to defend. *See* (ECF Nos. 49, 50, 56). In an Omnibus Order granting summary judgment, the Court found in favor of Defendant. (ECF No. 77). Additionally, the Court administratively closed this case but ordered that "upon the resolution of the Underlying Action, any Party may file a motion to lift the stay to resolve the issue of the duty to indemnify." (ECF No. 77) at 18.

While the stay to resolve the issue of the duty to indemnify was still in place, Defendant H&M moved for attorneys' fees associated with defending the duty to defend issue. (ECF Nos. 90, 104). In the R&R, Magistrate Judge Louis found that at this stage, Defendant's Motion is premature and thus should be denied. *See* R&R at 8. Thereafter, Defendant H&M filed a Motion to Lift the Stay and Dismiss Mt. Hawley's Duty to Indemnify Claims as moot, stating that the Parties' reached a settlement in the Underlying Action. (ECF No. 127). Defendant H&M also filed objections to Magistrate Judge Louis's R&R, arguing that the R&R should be rejected or modified to reflect that (1) the Underlying Action has now settled, (2) Mt. Hawley's duty to

indemnify claims are now moot, and (3) that H&M's motion for attorneys' fees is ripe for adjudication. *See generally* Objs. The Court will address H&M's Motion to Lift the Stay, the R&R, and H&M's Objections, in turn.

## II. LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant *de novo* review. *Id.*

Yet when a party has failed to object or has not properly objected to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## III. DISCUSSION

The Court first addresses H&M's request to lift the stay, and to dismiss any duty to indemnify claims as moot in light of the Parties' settlement in the Underlying Action. *See* Mot. H&M states that although Mt. Hawley never advised the Court of the settlement, the Parties settled the Underlying Action in late August 2024, and on October 28, 2024, the Underlying Action was dismissed based on the settlement. *Id.* ¶ 10. H&M further provides that "the terms of the

3

settlement agreement are confidential, but there is no dispute that Mt. Hawley can no longer seek a declaration that it has no duty to indemnify H&M, or seek reimbursement from H&M for any indemnity payments made on H&M's behalf in the Escalante Action." *Id.*

H&M additionally provides that after conferring with Mt. Hawley's counsel, Mt. Hawley objects to the Motion to Lift the Stay. *Id.* ¶ 14. H&M contends that Mt. Hawley, in conferral efforts, stated that "it was unclear what was meant by 'dismiss any duty to indemnify claims as moot,' and that 'Mt. Hawley didn't assert a 'so-called' indemnity claim against H&M in this action.'" *Id.* ¶ 14. Mt. Hawley has not filed a response in opposition to the Motion to Lift the Stay, and the time to do so has passed.

"The Eleventh Circuit has recognized that the settlement of a claim moots an earlier declaratory judgment action brought by an insurer to clarify its duties with respect to that claim." *Encompass Home & Auto Ins. Co. v. Luke*, No. 4:21-CV-181, 2023 WL 3105090, at *4 (S.D. Ga. Apr. 26, 2023); *see also Twin City Fire Ins. Co. v. Hartman, Simons & Wood, LLP*, 609 F. App'x 972, 979 (11th Cir. 2015) ("[Plaintiff's] declaratory judgment claim plainly became moot as soon as [Plaintiff] paid the $10 million settlement to the Bank later that same day."); *U.S. Fire Ins. Co. v. Caulkins Indiantown Citrus Co.*, 931 F.2d 744, 748 (11th Cir. 1991) ("Indeed, the settlement of a dispute generally renders a case moot."); *see also ITT Rayonier Inc. v. United States*, 651 F.2d 343, 345 (5th Cir.1981) (explaining that a court will find mootness after settlement even if parties remain at odds over the particular issue they are litigating).

For the avoidance of doubt, the Court has made clear through several Orders that it has retained jurisdiction over the case, staying the indemnity issues and all discovery, pending adjudication of the Underlying Action. *See* (ECF Nos. 40, 77). To the extent there were somehow no "duty to indemnify" claims to be dismissed, that is inconsistent with the record, and Mt. Hawley has failed to file a response indicating otherwise. Given H&M is no longer seeking indemnity

4

from Mt. Hawley for the Underlying Action, any declaratory claims related to Mt. Hawley's duty to indemnify are now moot. Accordingly, the Court grants H&M's request to lift the stay and dismiss the duty to indemnify claims.

The Court next turns to H&M's Motion for Attorney's Fees. In the R&R, Magistrate Judge Louis recommends that the Motion should be denied without prejudice, because: (1) a final judgment as not been entered, *see Sands on the Ocean Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 05-14362-CIV, 2012 WL 6217497, at *2 n.3 (S.D. Fla. Dec. 14, 2012); and (2) the "the issue of indemnification remains to be determined," *see Nat'l Union Fire Ins. Co. of Pittsburgh v. Fla. Crystals Corp.*, No. 14-81134-CIV, 2016 WL 237253, at *4 (S.D. Fla. Jan. 19, 2016); *Scottsdale Ins. Co. v. Klub Kutter's Bar & Lounge, LLC*, No. 17-CV-61321, 2018 WL 3730887, at *3 (S.D. Fla. July 6, 2018).

H&M objects to the R&R on the grounds that (1) there is no longer any dispute related to the indemnity in light of the Parties' settlement, and (2) the R&R should be rejected to the extent that it suggests a "final judgment" is necessary to trigger entitlement to fees. Objs. at 4.

The Court takes note that the Underlying Action settled in late August 2024 and was dismissed in state court on October 28, 2024. Mot. at 2–3. However, the Court did not become aware of this settlement until the Motion to Lift the Stay was filed on February 5, 2025. *See* Mot. This was nearly six months after a settlement was reached, over four months after the state court dismissed the action, and after Magistrate Judge Louis issued the R&R on H&M's Motion for Attorney's fees. Under Southern District of Florida Local Rule 16.4, and consistent with the Court's Pretrial Order (ECF No. 4), "[i]f the parties reach an agreement to settle the entire case or certain claims or issues therein, counsel shall notify the Court of such settlement by filing and serving a notice of settlement within two (2) Court days of such agreement being reached." S.D. Fla. L.R. 16.4. The Parties were warned "[f]ailure to comply with ANY of these procedures may

result in the imposition of appropriate sanctions, including but not limited to, the striking of the motion or dismissal of this action." (ECF No. 4).

Here, the Parties' settlement of the Underlying Action directly impacted Mt. Hawley's outstanding indemnification claims, H&M's request for attorneys' fees, in addition to Magistrate Judge Louis's R&R. By failing to notify the Court of the settlement and then sitting idle pending the Court's disposition of the Motion, counsel did nothing more than waste judicial resources and fail to comply with their obligations as officers of the Court. Accordingly, the Court denies H&M's Motion for Attorneys' Fees without prejudice. The Court need not discuss the merits of Magistrate Judge Louis's well-reasoned and thorough R&R. H&M may refile a Motion for Attorneys' Fees consistent with this Order. In the Motion, H&M is instructed to show cause as to why sanctions should not be imposed.

## IV. CONCLUSION

Accordingly, UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED:

1) The Stay with respect to Mt. Hawley's Duty to Indemnify Claims is LIFTED.

2) Mt. Hawley's duty to indemnify claims are DISMISSED AS MOOT.

3) H&M is INSTRUCTED to file a proposed final judgment pursuant to Federal Rule of Civil Procedure 58(d), consistent with the Court's grant of summary judgment (ECF No. 77).

4) H&M's Motion for Attorneys' Fees (ECF No. 104) is DENIED WITHOUT PREJUDICE.

DONE AND ORDERED in Chambers at Miami, Florida, this __7th__ day of March, 2025.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE